Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
_____ District of _____
_____ Division

Shirley LaTeshia Brookins

Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

HCA Brandon Hospital
Kristin Williams
Lisa Sutton

Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 8:25-cv-2255-KKM-LSG
(to be filled in by the Clerk's Office)

Jury Trial: (check one) ☒ Yes ☐ No

AUG 25 2025 PM 1:13
FILED - USDC - FLMD - TPA

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Shirley LaTeshia Brookins
Street Address: 8343 Sandstone Lake Dr Unit 102
City and County: Tampa   Hillsborough
State and Zip Code: Florida 33615
Telephone Number: (813) 244-1509
E-mail Address: missteshia2002@yahoo.com

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.


PD $405.00
TPA - 72837

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
  Name: HCA Brandon Hospital
  Job or Title (if known): Healthcare Corporation
  Street Address: 119 Oakfield Drive
  City and County: Brandon     Hillsborough
  State and Zip Code: Florida   33511
  Telephone Number: (813) 681-5551
  E-mail Address (if known):

Defendant No. 2
  Name: Kristin Williams
  Job or Title (if known): Interim Director / Director
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number: (813) 424-0709
  E-mail Address (if known):

Defendant No. 3
  Name: Lisa Sutton
  Job or Title (if known): House Supervisor / Charge Nurse
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number: (813) 951-3995
  E-mail Address (if known):

Defendant No. 4
  Name:
  Job or Title (if known):
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number:
  E-mail Address (if known):

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | HCA Brandon Hospital |
| Street Address | 119 Oakfield Dr |
| City and County | Brandon Hillsborough |
| State and Zip Code | Florida 33511 |
| Telephone Number | (813) 681-5551 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [x] Termination of my employment.
- [ ] Failure to promote me.
- [x] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [ ] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
   6-1-2023 — 9-1-2023

C. I believe that defendant(s) *(check one)*:
- [ ] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- [x] race _____
- [ ] color _____
- [ ] gender/sex _____
- [ ] religion _____
- [ ] national origin _____
- [ ] age *(year of birth)* _____  *(only when asserting a claim of age discrimination.)*
- [x] disability or perceived disability *(specify disability)*
   PTSD

E. The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

### IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

4-5-2024

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☐ issued a Notice of Right to Sue letter, which I received on *(date)* 5/28/2025.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

### V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/25/2025

Signature of Plaintiff: *Shirley Brookins*
Printed Name of Plaintiff: Shirley Brookins

### B. For Attorneys

Date of signing: _____

Signature of Attorney  _____
Printed Name of Attorney  _____
Bar Number  _____
Name of Law Firm  _____
Street Address  _____
State and Zip Code  _____
Telephone Number  _____
E-mail Address  _____

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
(980) 296-1250
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/28/2025

**To:** Mrs. Shirley Brookins
8343 Sandstone Lake Drive Unit 102
TAMPA, FL 33615
Charge No: 511-2024-00750

EEOC Representative and email:   COURTNEY LOVETT
Investigator
courtney.lovett@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 511-2024-00750.

On behalf of the Commission,

Digitally Signed By: Elizabeth "Betsy" Rader
05/28/2025

Elizabeth "Betsy" Rader
District Director

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 511-2024-00750 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 511-2024-00750 to the District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

Enclosure with EEOC Notice of Closure and Rights (01/22)

- **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and minor**.
- A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*

Cc:
Frank G Simpson III
HCA Healthcare Management Services, LP
2501 PARK PLZ
Nashville, TN 37203

Ivan R Ayala-Garcia
FordHarrison LLP
401 E JACKSON ST STE 2500
Tampa, FL 33602

David M Kalteux
FordHarrison LLP
401 E JACKSON ST STE 2500
Tampa, FL 33602

Please retain this notice for your records.

III Statement of Claim

On 07/31/2023 I was placed on a performance improvement plan (PIP) for refusing a shift reassignment from LPN to PCT when I was asked If I wanted to be a PCT for the evening and not told.

On August 2, 2023 I informed Lisa Sutton the manager that I was upset that my bedside report observation was overtaken by the interim director Kristin Williams that it was unprofessional, unfair and condescending to me in front of a patient I was made to look incompetent and wanted a meeting with the director.

On 08/17/2023 I informed Lisa the manager I was having a PTSD episode and could have the night off she stated to call off that morning, I stated never mind I will come in. She later shared my condition with other charge nurses and I was repeatedly floated to increase my anxiety so that I would make errors. Myself and two nurses were floated, the manager called two of the nurses and asked where would they like to float to and one of them Alex stated to telemetry, I was not called and given that opportunity.

On 08/30/2023 I was scheduled to work, I called the house supervisor Julie and she stated because I was off and was on Team A to call the manager and ask can she switch me to Team B, I texted Lisa to see if I can switch to Team B Lisa the manager she stated no because I was on Team A but other coworkers were allowed to switch to other teams for the hurricane coverage.

I believe I have been retaliated and discriminated against by the interim director Kristin Williams and Lisa Sutton on the basis of race and PTSD disability for speaking up of my concern on my bedside report observation that was unfair and by refusing a shift reassignment of PCT but was asked if I wanted to be a PCT and not told to be PCT for the evening on another unit, by being placed on a performance improvement plan and being placed in a hostile environment on B2 unit on the second floor of the B Tower. Kristin told me she told the charge nurses on B2 people Shirley can get sent home and I'll deal with it the morning and told other three charge nurses of B1. Kristin spoke to me unprofessionally and inappropriately by saying she was pissed and damn Shirley. The PIP was supposed to be among the charge nurses but it was shared with Kristin Cook a manager of B2. The Kristin Williams told me she finished her investigation and that I had options. Lisa Sutton brought me into her office to discuss and retro back on absences that were already addressed but stated everyone was being retroactived on their attendance. I was told if they don't like you they float you, put you on a PIP, institute unfair work practices to make the PIP hard and then fire you by a charge nurse, a previous manager and nurse tech. I was instructed to come in to meet with her to discuss this but was not informed of the options and was terminated on 09/01/2023 in a meeting for no call, no show on my day off of 08/29/2023. I was never given an exit interview to discuss my reason for leaving and overall experience working for the HCA organization or to give feedback to identify opportunities where HCA can improve retention.

**III. Statement of Claim**

E. The facts of my case are as follows:

I was discriminated against based on race by Kristin Williams after she met me in a meeting where she was able to put the face of an American black woman with a gold tooth in her mouth to the name Shirley Brookins. I was floated to B2 Unit in the B tower which is a high acuity medical-surgical and post-operative unit while other nurses who are not my race were asked where they wanted to float to. I was also assigned patients with COVID and respiratory conditions even though I informed Lisa Sutton I was under the care of a fertility specialist. I was placed on a performance improvement plan for stating "Absolutely not" when I was asked if I want to be PCT for the night when another nurse who is not my race stated "No and if I'm made to be I will clock out and go home" but she was not placed on a performance improvement plan. I was repetitively floated to the B2 by Lisa Sutton even after knowing I have PTSD instead of accommodating me due to my disability. I was terminated for attendance by Kristin Williams on 09/01/2023 as a no call/no show for not coming in on 08/29/2023 which was an approved, scheduled day off back in July 2023 by Lisa Sutton after Kristin Williams retroactively went back 6 months on everyone's attendance, but I was the only employee terminated after this attendance audit.

**V. Relief**

1. Formal letter of apology/ Admission of guilt and/or wrongful termination
2. Payment of 6 months severance at pay rate when I was employed
3. $80,282 Tuition, Fees, Educational Expenses and Supplies to attend a college's LPN to RN since HCA owns Galen College of Nursing for which I had two semesters to complete and I won't be returning
4. $87,700 for Fertility specialist and IVF procedure(s) for which I lost fertility benefits after termination of employment
5. $250,000 for emotional distress of exacerbation of PTSD and anxiety